United States District Court
Southern District of Texas

**ENTERED**

October 26, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DAMIEN EVELINE,            §
Inmate #11418,             §
                           §
         Plaintiff,       §
                           §         CIVIL ACTION NO. H-22-3521
v.                          §
                           §
SEALY NEWS,           §
                           §
         Defendant.       §

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Damien Eveline (Inmate #11418), is confined as a detainee in the Austin County Jail. He has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) against a local newspaper for defamation of character. He has also filed an Application to Proceed Without Prepayment of Fees and Affidavit (Docket Entry No. 2). Because Eveline is in custody, the court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize his claims and dismiss the case if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I.  Background

Eveline is presently confined in the Austin County Jail, which is located in Bellville, Texas.[1]  He has filed this lawsuit against the Sealy News in nearby Sealy, Texas, alleging that his "civil rights were violated by defamation of character by way of slander" when he was described as "a 'King Pin.'"[2]  He seeks "$1,000,000 punitive damages" and "$1,000,000 [for] mental anguish, and pain and suffering, and [] for wages lost."[3]  He further requests a retraction of the defamatory article.[4]

Eveline does not provide details about the context in which the objectionable statement was made or the date that it was published.  Public records disclose that Eveline has previous convictions for drug offenses and that he is currently in custody facing felony charges of tampering with physical evidence.[5]  His claim is examined below under the applicable standard of review.

---

[1]Complaint, Docket Entry No. 1, p. 3.  For purposes of identification all page numbers refer to the pagination imprinted on each docket entry by the court's electronic case filing system, ECF.

[2]Id.

[3]Id. at 4.

[4]Id.

[5]See Austin County Criminal Record Search, available at http://public.austincounty.com/Search.aspx?ID=500 (last visited Oct. 21, 2022).

## II.  **Standard of Review**

Federal district courts are required by the PLRA, 28 U.S.C. § 1915A, to screen prisoner complaints to identify any cognizable claims or dismiss the case if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original)).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'"  Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation marks and citations omitted).  "A complaint lacks an arguable basis in fact if, after providing the

-3-

plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." <u>Talib v. Gilley</u>, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

The plaintiff represents himself in this case. Courts are required to give a <u>pro se</u> litigant's contentions a liberal construction. <u>See</u> <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citation omitted); <u>see also</u> <u>Haines v. Kerner</u>, 92 S. Ct. 594, 595-96 (1972) (per curiam) (noting that allegations in a <u>pro se</u> complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers). Even under this lenient standard, <u>pro se</u> litigants are still required to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief[.]" <u>E.E.O.C. v. Simbaki, Ltd.</u>, 767 F.3d 475, 484 (5th Cir. 2014) (citations omitted).

## III. **Discussion**

Eveline's sole claim is that the Sealy News is liable under 42 U.S.C. § 1983 for publishing a defamatory comment about him. To state a claim under § 1983 a plaintiff must show (1) a violation of the Constitution or of federal law and (2) that the violation was committed by someone acting under color of state law. <u>See</u> <u>Atteberry v. Nocona General Hospital</u>, 430 F.3d 245, 252-53 (5th Cir. 2005) (citations omitted). The alleged violation "must be caused by the exercise of some right or privilege created by the

-4-

State or by a rule of conduct imposed by the [S]tate or by a person for whom the State is responsible." Lugar v. Edmundson Oil Co., Inc., 102 S. Ct. 2744, 2753 (1982). This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted together with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." Id. at 2754.

Eveline does not demonstrate that the Sealy News qualifies as a state actor for purposes of liability under § 1983. More importantly, allegations of defamation do not rise to the level of a constitutional violation and are actionable, if at all, only under state law. See Cook v. Houston Post, 616 F.2d 791, 794-95 (5th Cir. 1980); see also Paul v. Davis, 96 S. Ct. 1155, 1165-66 (1976) (recognizing that while state tort law may protect against injury to reputation, a person's reputation does not implicate a liberty or property interest protected by the Constitution). Because defamation is not actionable under § 1983, the Complaint fails to state a claim for which relief may be granted.[6] See Mowbray v. Cameron County, Texas, 274 F.3d 269, 277 (5th Cir. 2001)

---

[6]The court does not address whether the plaintiff has an actionable claim for defamation under state law because he does not demonstrate that there is diversity of citizenship between the parties or that any other basis for federal subject matter jurisdiction exists. See 28 U.S.C. § 1332. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

(observing that allegations of slander do not state a claim under
§ 1983).  Accordingly, this action will be dismissed for failure to
state a claim pursuant to 28 U.S.C. § 1915A.

## IV.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.   The Prisoner's Civil Rights Complaint filed by
     Damien Eveline (Docket Entry No. 1) is **DISMISSED
     WITH PREJUDICE**.

2.   The dismissal will count as a **STRIKE** for purposes
     of 28 U.S.C. § 1915(g).

3.   The Application to Proceed Without Prepayment of
     Fees (Docket Entry No. 2) is **GRANTED**.  Officials in
     charge of the inmate trust fund at the Austin
     County Jail shall deduct the filing fee for
     indigent litigants ($350.00) from the account
     belonging to Damien Eveline (Inmate #11418) and
     forward it to the court when funds are available in
     increments of $10.00 pursuant to 28 U.S.C.
     § 1915(b).

The Clerk is directed to provide a copy of this Memorandum
Opinion and Order to the plaintiff.  The Clerk will also provide a
copy to the Manager of the Three-Strikes List for the Southern
District of Texas and to the Austin County Jail, Attn: Jail Captain
Paredes, 417 N. Chesley, Bellville, TX 77418.

**SIGNED** at Houston, Texas, on this 25th day of October, 2022.

_____
                     SIM LAKE
            SENIOR UNITED STATES DISTRICT JUDGE